Welch, C. J.
We see no error in these proceedings. Where private property is taken by the public for its use, the constitution guarantees to the owner a full compensation. To take the property, and deposit the compensation in the hands of a public officer, where the owner cannot reach it, is to deprive the owner of the use of his property, without giving him the use of the compensation. It is, to take from him the use of his property without any compensation. In the light of this constitutional provision, the real parties to the transaction are the public on the one hand, and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld, in the hands of one of its own officers, after the property is taken. This, of course, necessitates a loss to some one, of the interest on that compensation. It is not just that the loss should be cast upon the owner. The law by which the loss is occasioned is no act of his, but an act of the public, and he has no power to repeal or modify it, so as to avoid the loss. He is compelled to be passive, and •can only insist, as he does in this case, that compensation for his property taken by the public, shall either be paid at the time it is taken, or paid with interest, or with a fair allowance for the use of the property during the time it is withheld. Judgment affirmed.
White, Day, McIlvaine and West, JJ., concurred.